UNITED STATES of America,
Petitioner-Appellee,

v.

Robert GUERRA, Respondent-Appellant.

Robert GUERRA, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

Nos. 78–1072, 78–1472.

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1979.

**520**

Robert Guerra, pro se.

Lee L. Kaplan (Court-appointed), Houston, for respondent-appellant.

Jamie C. Boyd, U. S. Atty., Le Roy Morgan Jahn, W. Ray Jahn, Asst. U. S. Attys., San Antonio, Tex., for petitioner-appellee.

Before THORNBERRY, GODBOLD and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Appellant, Robert Guerra, was indicted on November 11, 1975, by a federal grand jury for the Western District of Texas and charged with distribution of heroin in violation of 21 U.S.C.A. § 841(a)(1). A plea of not guilty was entered by appellant on November 25, 1975. Appellant was tried and convicted by a jury on January 16, 1976; subsequently, on February 3, 1976, he was sentenced to twelve years imprisonment and a special parole term of ten years. Guerra perfected his appeal and his conviction was affirmed by this Court. *See United States v. Guerra*, 535 F.2d 658 (5th Cir. 1976), *cert. denied*, 429 U.S. 1046, 97 S.Ct. 753, 50 L.Ed.2d 760 (1977).

Guerra then filed a pro se habeas corpus petition in the district court on September 6, 1977, alleging that his conviction was unconstitutional due to ineffective assistance of counsel. On October 4, 1977, the district court accepted the recommendation of the United States magistrate and denied the petition without a hearing. Appellant subsequently moved to amend and supplement his Section 2255 application to allege that the magistrate reviewing his original petition had mistakenly informed the district court that Guerra had filed two previous habeas corpus petitions. On February 6, 1978, the district court denied the motion on the grounds that the mistake had not affected the disposition of Guerra's petition. This appeal followed.

▪ We begin our discussion by heeding the legislative command that the district court shall conduct a hearing on a petitioner's allegations "[u]nless the motion and the files and records of the case *conclusively show* that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255 (emphasis supplied). *See also Dupart v. United States*, 541 F.2d 1148, 1149 (5th Cir. 1976) (per curiam); *Summers v. United States*, 538 F.2d 1208, 1210 (5th Cir. 1976) (per curiam). Notwithstanding this legislative

mandate, it is well-settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record. *Holland v. United States*, 406 F.2d 213 (5th Cir. 1969). Because petitioner raises serious questions as to the effectiveness of his counsel at trial, we reverse and remand for a full hearing on the merits of his allegations.

The Sixth Amendment guarantees a defendant in a federal criminal trial the right to "counsel reasonably likely to render and rendering reasonably effective assistance." *MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir. 1960), *modified*, 289 F.2d 928, *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961); *United States v. Alvarez*, 580 F.2d 1251, 1254 (5th Cir. 1978). Where, as in the present case, the defendant is represented by retained counsel, in order to establish a Sixth Amendment violation it must be shown that the incompetency of retained counsel was so obvious that a reasonably attentive government official connected with the criminal proceeding should have been aware of it and could have taken corrective action. *United States v. Childs*, 571 F.2d 315 (5th Cir. 1978) (per curiam); *Fitzgerald v. Estelle*, 505 F.2d 1334 (5th Cir. 1974), *cert. denied*, 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675 (1975).

Guerra contends that the incompetency of his counsel was so obvious that a government official should have noticed it and taken remedial action. Without ruling on the merits of Guerra's contentions, we do find that he advances at least one contention [1] which raises serious enough questions as to the effectiveness of his trial counsel to warrant a hearing. At his bond reduction hearing Guerra wrote a note to the district judge stating, "I just want to be with my children before you send me where you must." This note was introduced into evidence and admitted without objection; counsel for the government strongly emphasized the contents of the note in closing argument, implying that it was an admission of guilt on the part of Guerra. Because of the obviously incriminating nature of the note and the potentially adverse impact it could have had on the jury, we feel that some explanation is in order as to why Guerra's trial counsel failed to screen such a note from being handed to the judge or object to its introduction into evidence.

Because the record does not adequately reflect the circumstances surrounding the transmission of the note to the judge, we must remand the case to the district court for a hearing. On the basis of the record as it now stands, we are unable to dismiss this particular allegation as meritless.

Therefore, we remand the case to the district court for a full hearing on the merits of petitioner's allegations.

REVERSED AND REMANDED.

---

1. By finding that this allegation justifies a hearing, we do not mean to imply that it is the only one which merits attention by the district court upon remand. We express no opinion as to the merits of Guerra's claims. Upon remand the district court should take full advantage of the hearing to explore thoroughly those claims which could merit relief and which are unexplained by the record.