# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-31071
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTOPHER WHITE,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CR-101-12

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Christopher White appeals his convictions for conspiring to commit healthcare fraud, in violation of 18 U.S.C. §§ 1347, 1349, and to falsify records in a federal investigation, in violation of 18 U.S.C. §§ 1347, 1519. White pleaded guilty subject to a written agreement with the Government, accepting responsibility for more than $2.2 million in losses to Medicare as a result of his

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-31071

providing, *inter alia*, accounting and financial services to companies allowing them to bill Medicare for medically unnecessary services and equipment.

Nine months after entering his guilty plea, White moved to withdraw the plea because, after reflection, he believed "his behavior was . . . consistent with the reasonable hypothesis of innocence to the effect that he did nothing more than fulfill his professional responsibilities as an account[ant]".  After White's motion was denied, he obtained new counsel and filed a second motion.

The court denied this motion as well, declining White's request for a hearing and relying primarily on the presumed verity of his original admissions at re-arraignment.

At the subsequent sentencing, the court granted a 30-month downward variance, and sentenced White to 48 months' imprisonment for each count, to run concurrently.

White contends the court abused its discretion by denying his motion to withdraw the plea without an evidentiary hearing.  Consistent with White's contention, the denial of a motion to withdraw a plea will be reversed only if the court abused its broad discretion.  *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984).

White has the burden of establishing a fair and just reason for withdrawal.  *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).  Along that line, however, "[s]olemn declarations in open court carry a strong presumption of verity".  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Such declarations include White's "affirmative declarations" of guilt.  *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009).

In ruling on a motion to withdraw, the totality of the circumstances is considered, including the *Carr* factors:

> (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the

2

withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

*Carr*, 740 F.2d at 343–44 (footnotes omitted).

The district court applied the *Carr* factors in analyzing, and ultimately denying, White's motion to withdraw. On appeal, White fails to show any abuse of discretion in the court's application of the factors.

The court's decision not to conduct a hearing on the second withdrawal motion is likewise reviewed for abuse of discretion. *See United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983). A hearing is unnecessary unless "defendant alleges sufficient facts which, if proven, would justify relief". *United States v. Mergist*, 738 F.2d 645, 648 (5th Cir. 1984) (internal quotation marks and citation omitted). The failure to conduct a hearing is subject to harmless-error review. *Id.*

The court based its denial of the withdrawal motion on the strong presumption that White's admissions in the plea proceedings were true and reliable. Although White makes numerous assertions of fact throughout his pleadings, he does not identify any particular factual issue that requires resolution at a hearing. Further, in the light of the court's reliance on White's presumptively truthful statements at rearraignment, an evidentiary hearing would not have changed the decision. The court did not abuse discretion. *See id.*; *see also Blackledge*, 431 U.S. at 74.

AFFIRMED.