# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11641

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EMANUEL JAMES HARRISON, also known as E.J., also known as Chris,

Defendant - Appellant

Appeal from the United States District Court for the
Northern District of Texas

Before HAYNES, HO, and DUNCAN, Circuit Judges.

JAMES C. HO, Circuit Judge:

Under established Supreme Court precedent, the Sixth Amendment entitles the accused to the effective assistance of counsel. That right is infringed if counsel simultaneously represents more than one client in the same matter, and the multiple representation results in an actual conflict of interest that adversely affects the representation of the accused. *See, e.g.*, *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980).

That is precisely what Emanuel James Harrison alleges here. In support of his 28 U.S.C. § 2255 motion seeking relief from his federal conviction, Harrison presented evidence that his counsel advised one of his co-defendants

to plead guilty, prior to his own plea agreement—and that his counsel did so in a manner that prejudiced Harrison's defense.

To be sure, it may turn out that there is an innocent explanation for what his counsel did.  The decision of the district court to deny relief to Harrison under 28 U.S.C. § 2255 may be ultimately vindicated.  But "a defendant who objects to multiple representation must have the opportunity to show that potential conflicts impermissibly imperil his right to a fair trial."  *Id.*  And, we have repeatedly held that "'[a] motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.'"  *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008) (quoting *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)).

Based on established Supreme Court and circuit precedent, and the evidence presented by Harrison, the magistrate judge should have held an evidentiary hearing to give the parties the opportunity to contest the merits of Harrison's claim of an actual conflict of interest.  Because no such hearing was held, we reverse the judgment of the district court and remand the case for further proceedings.

I.

Emanuel James Harrison pled guilty to conspiracy to defraud the United States by filing false claims.  His plea agreement provided for an 84-month sentence.  The district court re-arraigned Harrison in the same proceeding as two of his co-defendants, Jason Altman and Fread Jenkins.  The three co-defendants all agreed that they were pleading guilty voluntarily and had not been threatened, forced, or coerced.

Five weeks later, Harrison filed a motion to withdraw his guilty plea, asserting his innocence and arguing that his plea was not entered knowingly and voluntarily due to pressure from counsel.  The district court denied

No. 16-11641

Harrison's motion to withdraw his plea, finding, in relevant part, that his assertion of innocence "without more" was insufficient to allow him to withdraw his plea, and that Harrison had provided "no evidence as to the pressure, threats, or intimidation."

At his sentencing hearing, Harrison argued that he received ineffective assistance of counsel when counsel advised him to enter the plea agreement despite his assertion of innocence because counsel believed he would be prejudiced by a prior sexual assault conviction. Harrison did not mention that one of his attorneys was allegedly burdened by an actual conflict of interest due to his advising Jenkins regarding the plea agreements. The district court denied his request to withdraw his guilty plea. With new counsel, Harrison appealed. This court affirmed his sentence. *See United States v. Harrison*, 777 F.3d 227, 233 (5th Cir. 2015).

Harrison subsequently filed a 28 U.S.C. § 2255 motion to vacate his sentence on the grounds that he received ineffective assistance of counsel because counsel pressured him to plead guilty rather than investigate his case, and also because counsel had a conflict of interest—specifically, because counsel also represented one of Harrison's co-defendants, Jenkins, during plea negotiations.

Two sworn affidavits from Jenkins support Harrison's claim of multiple representation. But the magistrate judge found that the record contradicted Harrison's allegations of a conflict of interest, because Jenkins and his own attorney signed Jenkins's plea agreement on the day Harrison and Jenkins were rearraigned. The magistrate judge further concluded that, even accepting his allegations, Harrison had not demonstrated ineffective assistance of counsel, because he provided no more than a conclusory assertion that counsel failed to pursue a defense strategy due to divided loyalties between Harrison and Jenkins. The district court accepted the magistrate

3

No. 16-11641

judge's findings and conclusions, denied the § 2255 motion, and denied the request for a certificate of appealability.

Harrison filed motions in this court for a certificate of appealability and for leave to appeal in forma pauperis. A member of this court granted Harrison a certificate of appealability on the issue whether the district court abused its discretion by not holding an evidentiary hearing before denying his claim that he received ineffective assistance of counsel due to a conflict of interest. Harrison was also granted leave to appeal in forma pauperis.

## II.

In an appeal from a denial of a § 2255 motion, we review a district court's decision not to grant an evidentiary hearing for abuse of discretion. *Cavitt*, 550 F.3d at 435. "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014) (internal quotation marks and citation omitted). A § 2255 motion requires an evidentiary hearing unless either (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true. *United States v. Guerra*, 588 F.2d 519, 521 (5th Cir. 1979) (citing *Holland v. United States*, 406 F.2d 213, 216 (5th Cir. 1969)); *Friedman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979).[1]

## III.

For multiple representation to violate the Sixth Amendment, there must be an actual conflict of interest that adversely affects the representation.

---

[1] We note that Harrison's ineffective assistance of counsel claim is properly raised in his § 2255 motion because the relevant facts were not developed during his earlier proceedings in district court. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) ("Sixth Amendment claims of ineffective assistance of counsel should not be litigated on direct appeal, unless they were previously presented to the trial court.").

No. 16-11641

*Cuyler*, 446 U.S. at 348; *accord United States v. Culverhouse*, 507 F.3d 888, 892 (5th Cir. 2007).    Under such circumstances, a "defendant need not [additionally] show prejudice . . . because prejudice is presumed upon a showing of an actual conflict that adversely affected representation." *Culverhouse*, 507 F.3d at 892 (citing *Perillo v. Johnson*, 205 F.3d 775, 781–82 (5th Cir. 2000)).

We thus focus our inquiry on the existence of an actual conflict of interest, and whether an evidentiary hearing could have proved such a conflict. Harrison's § 2255 motion alleged, in relevant part, that he received ineffective assistance of counsel due to an actual conflict of interest, because his counsel jointly represented one of Harrison's co-defendants, Jenkins, during plea negotiations.  The magistrate judge reviewed the record and, without holding an evidentiary hearing, concluded that Harrison's allegations and Jenkins's corroborative affidavits "are belied by the record in Jenkins's criminal case, which reflects that Jenkins and Jenkins's own counsel executed Jenkins's plea papers on August 2, 2013 . . . the same day that the Court conducted Jenkins's rearraignment hearing." *Harrison v. United States*, No. 3:15-CV-1653-G-BN, 2016 WL 6471294, at *4 (N.D. Tex. Oct. 11, 2016), *report and recommendation adopted*, No. 3:11-CR-339(03)-P, 2016 WL 6462048 (N.D. Tex. Nov. 1, 2016).

We disagree.  We do not see how the fact that Jenkins was represented by one counsel precludes him from also being represented by other counsel. After all, many litigants enlist more than one counsel to assist in their defense. Two sworn affidavits by Jenkins state that Harrison's counsel talked to Jenkins and induced him into entering a plea bargain.  That alone may not be enough to establish an actual conflict of interest.  But it evinces "something more than a speculative or potential conflict."  *Culverhouse*, 507 F.3d at 892 (citing *United States v. Infante*, 404 F.3d 376, 391–92 & n.13 (5th Cir. 2005)).

5

No. 16-11641

Accordingly, the magistrate judge should have held an evidentiary hearing to determine whether an actual conflict of interest existed in this case.

As noted, "prejudice is presumed upon a showing of an actual conflict that adversely affected representation." *Id.* (citing *Perillo*, 205 F.3d at 781–82). Moreover, Harrison does not merely rest on the presumption of prejudice—he also affirmatively alleges that his counsel's conflict of interest prejudiced him. According to Harrison's theory of the case, backed by two affidavits from Jenkins, his own counsel advised Jenkins to enter into a plea agreement that explicitly pointed the finger at Harrison, presumably in exchange for a more favorable plea for Jenkins. As a result, Harrison contends, his own counsel prejudiced him by denying him the opportunity to plead guilty first, before Jenkins did, so that Harrison could offer testimony against Jenkins in exchange for a more favorable plea agreement for himself.

\* \* \*

The magistrate judge should have held an evidentiary hearing to investigate Harrison's allegations of an actual conflict of interest. Failure to do so under the circumstances presented was an abuse of discretion under our established precedents. Accordingly, we reverse and remand the case for further proceedings consistent with this opinion.