# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60440

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

CALVIN ALLEN,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before HIGGINBOTHAM, ELROD, and HO, Circuit Judges.

JAMES C. HO, Circuit Judge:

Our court previously granted a certificate of appealability (COA) to Calvin Allen on two claims—first, that the government breached its obligations under his plea agreement when it failed to credit his cooperation in a murder conviction, and second, that Allen received ineffective assistance of counsel due to his attorney's failure to object to the government's breach of his plea agreement. We now conclude that the district court should have held an evidentiary hearing on Allen's ineffective counsel claim. Accordingly, we vacate the judgment and remand for a limited evidentiary inquiry.

No. 17-60440

I.

Allen pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance. In exchange for Allen's plea and waiver of the right to appeal, the government promised that it would:

> inform the United States Probation Office and the Court of [1] [the plea agreement], [2] the nature and extent of Defendant's activities with respect to this case and [3] all other activities of Defendant which the U.S. Attorney deems relevant to sentencing, including the nature and extent of Defendant's cooperation with the U.S. Attorney and law enforcement.

Allen cooperated with prosecutors, providing them with information about his co-conspirators in his drug case. He also provided information leading to the prosecution of an unrelated murder.

The presentence report (PSR) included information about Allen's cooperation in the drug case, but not the murder. On appeal, Allen claims that this omission constitutes a breach of the plea agreement by the government. But Allen failed to identify any such breach to the district court: He did not object to the PSR. Nor did he object during the sentencing hearing. The court subsequently sentenced him to 188 months in prison and 5 years of supervised release.

Allen filed a timely *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging that he received ineffective assistance of counsel. He asserted that the plea agreement obligated the government to inform the sentencing court about his cooperation in the murder investigation, as well as the drug prosecution. And when the government failed to do so, Allen contends that his counsel should have either objected or moved for a downward departure in his sentence. In Allen's view, this error potentially deprived him of a lower sentence. He also requested an evidentiary hearing on his claim under 28 U.S.C. § 2255(b).

No. 17-60440

The district court ordered Allen's attorney to respond to the allegations of ineffective counsel. Allen's counsel averred that (1) he believed the government discharged its obligation under the plea because the PSR included information about Allen's cooperation; and (2) he and Allen decided not to move for a downward departure based on Allen's cooperation because raising mitigating circumstances would open the door to the court considering aggravating circumstances.

For its part, the government argued that (1) Allen procedurally defaulted on any claim that the government violated its plea; and (2) Allen's counsel was not constitutionally ineffective.

The district court denied Allen's motion without an evidentiary hearing, after concluding that (1) the government did not breach its plea obligations; and (2) Allen's ineffective assistance claim fails because his counsel's failure to object was merely a tactical decision.

We subsequently granted a COA on two questions:

(1) "[W]hether the district court erred in denying without an evidentiary hearing Allen's claim that the Government breached the plea agreement by failing to disclose his cooperation regarding other criminal cases."

(2) "[W]hether the district court erred in denying without an evidentiary hearing Allen's claim that he received ineffective assistance because his counsel failed to inform the sentencing court of the Government's failure to disclose his cooperation regarding other criminal cases."

After the parties submitted their briefs, we requested additional briefing on whether Allen procedurally defaulted on his claim that the government breached its obligations under the plea agreement.

## II.

Allen moved for § 2255 relief on the ground that the sentence was imposed in violation of the Constitution. 28 U.S.C. § 2255(a). *See also*

*Strickland v. Washington*, 466 U.S. 668, 686 (1984) (recognizing that ineffective assistance of counsel violates the Sixth Amendment); *United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018) ("Where a defendant pleads guilty based on a promise by the prosecutor, 'breach of that promise taints the voluntariness of his plea' and offends the Fifth Amendment.") (quoting *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987)).  He also requests, at a minimum, an evidentiary hearing on his claims under 28 U.S.C. § 2255(b).

We review the district court's denial of § 2255 relief *de novo*, and its denial of an evidentiary hearing for abuse of discretion.  *See United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citing *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006)).  "A § 2255 motion requires an evidentiary hearing unless either (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true." *United States v. Harrison*, 910 F.3d 824, 826–27 (5th Cir. 2018) (citing *United States v. Guerra*, 588 F.2d 519, 521 (5th Cir. 1979)).

We conclude that Allen procedurally defaulted his breach of plea claim.  He is therefore only entitled to relief if he can succeed in his ineffective assistance claim—either as "cause" sufficient to excuse his procedural default on his breach of plea claim, or as an independent ineffective counsel infirmity.  We conclude that the district court erred by not holding an evidentiary hearing or otherwise inquiring further into Allen's ineffective counsel claim, because the record does not "conclusively show" that that claim fails.  28 U.S.C. § 2255(b).

No. 17-60440

A.

Allen has procedurally defaulted his claim that the government breached its plea obligations, by failing to present any such claim before the district court.[1]

"A movant is barred from raising . . . constitutional claims for the first time on collateral review unless he demonstrates [1] cause for failing to raise the issue on direct appeal and [2] actual prejudice resulting from the error." *United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994) (per curiam) (citing *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992)). We may raise procedural default *sua sponte*. *See United States v. Willis*, 273 F.3d 592, 597 (5th Cir. 2001). We "should not do so lightly," however. *Id.* (citing *Rosario v. United States*, 164 F.3d 729, 733 (2d Cir. 1998)). But when the petitioner is on notice of the default bar, has had the opportunity to argue against it, and the government has not waived the defense, it may be "proper to invoke the procedural bar." *Id.*

Although Allen's breach of plea claim is procedurally defaulted, whether the government breached its plea obligations is something we must decide as part of Allen's ineffective assistance claim. If the government did not breach the plea agreement, then Allen's counsel had nothing to respond to, and therefore was not ineffective.

B.

To obtain relief, then, Allen must demonstrate that his counsel was constitutionally ineffective—either to excuse his procedural default on his breach of plea claim, or as a stand-alone ineffective counsel claim. *See Patten*,

---

[1] Allen's § 2255 motion only raised one ground for relief: ineffective assistance of counsel. To be sure, Allen's ineffective assistance claim depends on the government breaching its plea obligations. But the district court considered Allen's breach of plea claim as a stand-alone ground for relief. We likewise granted a certificate of appealability on the breach of plea claim. We accordingly address it here.

40 F.3d at 776 (citing *Pierce*, 959 F.2d at 1301); *see also United States v. Walling*, 982 F.2d 447, 449 (10th Cir. 1992) ("The *Strickland* ineffectiveness test dovetails naturally with the cause and prejudice standard.").

To succeed on his ineffective assistance claim, Allen "must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness and that (2) there is a reasonable probability that prejudice resulted." *Druery v. Thaler*, 647 F.3d 535, 538 (5th Cir. 2011) (citing *Bower v. Quarterman*, 497 F.3d 459, 466 (5th Cir. 2007)). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). So mere disagreement about tactics does not amount to a constitutional infirmity. *See id.* at 690.

We conclude that an evidentiary hearing is needed before we can decide whether Allen's representation was constitutionally deficient, based on the failure to inform the court of Allen's cooperation in the murder investigation.

First, we must consider whether there was any error by the government that could support an ineffective assistance claim.

As for Allen's undisputed cooperation in the related drug case, the district court correctly concluded that the government did not breach the plea agreement. The PSR disclosed Allen's cooperation in the drug case. And nothing in the plea agreement required the government to additionally raise Allen's cooperation in the drug case at the sentencing hearing.[2]

---

[2] The cases Allen cites are inapposite. For example, in *United States v. Hunter*, the plea agreement expressly provided: "The United States agrees that it will recommend *at sentencing* that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense." 835 F.3d 1320, 1323 (11th Cir. 2016) (emphasis added). And in

No. 17-60440

As for Allen's cooperation in the murder investigation, however, the government never informed the court, either in the PSR or during the sentencing hearing.  If indeed Allen cooperated with law enforcement in the murder investigation, and if the government deemed his cooperation relevant to his sentencing, then the government was obligated to inform the sentencing court.  Because there is some indication that the government did not discharge its burden, the district court should not have denied relief without inquiring further or holding an evidentiary hearing.

The government argues that it did not "deem relevant" Allen's cooperation because "it was the opinion of the case agent that his information was not credible."[3]  In essence, the government contends that any decision not to inform the court about Allen's cooperation was necessarily an exercise of the discretion allowed by the plea agreement.  But the government had to actually exercise that discretion and determine that Allen's cooperation was not relevant—rather than simply refuse to inform the court about relevant information.  According to Allen's sworn statement, he "provided information in the unsolved murder case," and "approximately two weeks after [his] cooperation, an arrest was made in the case."  Moreover, Allen contends that his "counsel stated that [his counsel] had spoken with the case agent and affirmed that [Allen's] information in regard to the murder was good and useful."  So Allen has provided some evidence that the government considered

---

*Correale v. United States*, the court considered the government's total failure to make the recommendation it promised to make.  *See* 479 F.2d 944, 946, 949 (1st Cir. 1973).

[3] It is unclear whether the government was addressing Allen's cooperation in the drug case or the murder case.  In its briefs before us, the government emphasizes that Allen has not been clear about when he offered the information about the murder or whether it was useful to investigators.  True as far as it goes, the government's response only highlights the questions the district court should consider on remand.  Thus, the government has failed to assert that Allen "would not be entitled to relief as a matter of law, even if his factual assertions were true."  *Harrison*, 910 F.3d at 826–27 (citing *Guerra*, 588 F.2d at 521).

his information credible.   And without further explanation from the government why the evidence was somehow not relevant to Allen's sentence, the government has not offered anything that "conclusively negate[s] the factual predicates asserted in support of the motion for post-conviction relief." *Friedman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979) (explaining the requirements of 28 U.S.C. § 2255(b)).

Second, if there was a breach, Allen's counsel's failure to object to the breach may have fallen "below an objective standard of reasonableness." *Druery*, 647 F.3d at 538.   In his affidavit, Allen's counsel said that the PSR reflected Allen's full cooperation with investigators, and that he did not raise Allen's cooperation separately in the sentencing hearing because raising any mitigating factors would open a "Pandora's box" of aggravating factors.   But the affidavit, at least on its face, does not address Allen's contention about his cooperation in the murder investigation.   Accordingly, we lack any "sworn record testimony from counsel explaining the strategy behind his decision." *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008).   So we cannot tell whether Allen's counsel believed the government breached its obligations under the plea, or whether his failure to raise any purported breach was a strategic decision. *See, e.g., Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir. 1974) ("[A] lawyer who is not familiar with the facts and law relevant to his client's case cannot meet [the] required minimal level.").

Third, if there was a breach of the plea agreement, then Allen may have been prejudiced by his counsel's failure to object to the breach.   Allen contends that the court might have imposed a lesser sentence had it known about the full scope of his cooperation.   To be sure, the district court concluded that "[i]t is pure conjecture that Allen's sentence would have been lesser had Allen's counsel disclosed any purported additional cooperation not reflected in the PSR."   But the district court did not specifically consider Allen's apparent

No. 17-60440

cooperation in the murder investigation.  Remand will allow the district court to consider Allen's contention and determine whether this information would have made Allen's sentence "significantly less harsh."  *Dale v. Quarterman*, 553 F.3d 876, 880 (5th Cir. 2008) (per curiam) (quoting *Spriggs v. Collins*, 993 F.2d 85, 88–89 (5th Cir. 1993) (per curiam)).

## III.

Once the district court holds an evidentiary hearing, it may turn out that there was no violation—either because the government did not breach the plea agreement or because Allen's counsel was not ineffective in failing to discover the breach.  But a "motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Cavitt*, 550 F.3d at 442 (internal quotation marks omitted) (quoting *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam)).  Because that standard is not met here, we vacate the judgment and remand for an evidentiary hearing.  The district court should consider whether the government breached its obligation to inform the court about Allen's cooperation in the murder case and, if it did, why Allen's counsel failed to raise the issue.