# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2020

Lyle W. Cayce
Clerk

No. 18-20450

United States of America,

*Plaintiff—Appellee*,

*versus*

Gilbert T. Lopez, Jr., *also known as* Gilbert Lopez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-722

Before King, Stewart, and Southwick, *Circuit Judges*.
Per Curiam:[*]

The defendant filed a motion to vacate his sentence on the ground of ineffective assistance of counsel, alleging that he had refused to plead guilty only because his counsel failed to inform him of his sentencing exposure. The district court denied the motion without an evidentiary hearing, ruling that even if the defendant had received ineffective assistance, he had failed to

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

demonstrate prejudice because the district court's view of the record suggested that the defendant would not have accepted a plea deal. Because the defendant had presented a sworn affidavit stating that he would have accepted a plea, however, resolution of this factual dispute without an evidentiary hearing was improper. We therefore vacate the district court's order and remand the case for an evidentiary hearing.

## I.

## A.

For his role in Allen Stanford's multibillion-dollar Ponzi scheme, Gilbert Lopez was indicted on one count of conspiracy to commit wire fraud and ten substantive counts of wire fraud, under 18 U.S.C. §§ 1343, 1349. *See generally United States v. Kuhrt*, 788 F.3d 403, 408-412 (5th Cir. 2015). While awaiting trial, Lopez's attorneys attempted to negotiate a plea deal on his behalf, and Lopez authorized them to agree to a plea involving a two- or three-year sentence. The prosecutor rejected these overtures, however, suggesting instead that a ten-year sentence, which his superiors had authorized, would be appropriate. Lopez's attorneys and the prosecutor also discussed the possibility of a seven-year sentence. But when Lopez's attorneys presented the idea of a seven-year deal to Lopez, he rejected it.

Lopez proceeded to trial, and the jury found him guilty on the conspiracy count and on nine of the ten substantive wire-fraud counts. *See id.* at 412. Based on his offense level and criminal history, the federal sentencing guidelines called for a life sentence, and his statutory maximum sentence was twenty years per count—two hundred years. The district court sentenced Lopez, who was then seventy years old, to 240 months' imprisonment on each count, all to run concurrently. *See id.*

**B.**

After this court affirmed his conviction and sentence, *id.* at 425, Lopez filed a motion to vacate his sentence under 28 U.S.C. § 2255. The motion claims that Lopez "was denied his Sixth Amendment right to effective assistance of counsel at the plea bargaining stage of his case." Specifically, Lopez alleges that "[c]ounsel failed to advise [him] of the anticipated application of the United States Sentencing Guidelines" in the event of a conviction at trial. This failure, Lopez alleges, led him to reject the government's plea deal.

In support of his motion, Lopez submitted a sworn declaration stating that his attorneys never discussed how the sentencing guidelines would be calculated in his case and that "[i]t wasn't until after the trial that [he] learned that the Sentencing Guidelines were recommending a sentence of life." The declaration also states that, had he been properly apprised of his expected sentence, Lopez would have accepted a seven-year plea deal.

The government responded to Lopez's motion with sworn declarations partially contradicting Lopez's account. First, Lopez's defense attorneys declared that they did in fact discuss with Lopez the application of the sentencing guidelines to his case, and second, the prosecutor declared that he "was offering" a ten-year plea deal but never offered Lopez a seven-year deal. In reply, Lopez submitted a second declaration, reasserting that his attorneys never reviewed the sentencing guidelines with him and stating that, had he been properly advised, he would have accepted the government's ten-year plea deal.

The district court denied Lopez's motion, without an evidentiary hearing. Pretermitting the question whether counsel's performance was deficient, the court ruled that Lopez was not entitled to relief because he had not shown that his counsel's alleged failure had prejudiced him. Specifically,

the court disbelieved Lopez's declarations that he would have pleaded guilty, citing Lopez's rejection of the purported seven-year plea deal and his insistence at and after trial that he was not guilty.

The district court also denied Lopez a certificate of appealability. Subsequently, however, a member of this court granted Lopez a certificate of appealability "as to whether the district court abused its discretion by denying the § 2255 motion without a hearing on the claim of ineffective assistance of trial counsel."

## II.

## A.

As that language suggests, "[w]e review the district court's denial of an evidentiary hearing for abuse of discretion." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Harrison*, 910 F.3d 824, 826 (5th Cir. 2018) (citation omitted). "A district court must hold an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Rivas-Lopez*, 678 F.3d 353, 358 (5th Cir. 2012).

Here, the relief sought is based on a claim of ineffective assistance of counsel. "Where a defendant persists in a plea of not guilty, counsel's failure to properly inform him about potential sentencing exposure may constitute ineffective assistance." *Id.* at 357. To make out such a claim, a defendant "must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's poor performance the result of the proceeding would have been different." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)).

No. 18-20450

The district court did not pass on the question of counsel's performance, so only the latter question, prejudice, is at issue here. In this context, prejudice means "a reasonable probability that the plea offer would have been presented to [and accepted by] the court . . . and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Reed*, 719 F.3d at 373 (quoting *Lafler v. Cooper*, 566 U.S. 156, 164 (2012)). Because there has been no suggestion that the district court would not have accepted a ten-year plea agreement, and because a ten-year sentence is certainly less severe than the twenty-year sentence that Lopez actually received, *see United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004), the question of prejudice boils down to whether Lopez would have agreed to a ten-year sentence, had he known that he would risk far worse by going to trial.

Lopez swears that he would have. The district court, treating Lopez's "self-serving" declarations with skepticism, concluded otherwise.[1] The court noted that Lopez "maintained his innocence in pretrial meetings and at all stages of trial," and the court observed that Lopez had rejected the possibility of a seven-year plea deal. Consequently, the court found that Lopez "has not shown with a reasonable probability that he would have accepted a plea offer."

This was error. The record plainly reveals that Lopez was not dead-set against pleading guilty; in fact, he authorized his attorneys to agree to a two- or three-year sentence. Accordingly, the question is not whether Lopez was willing to plead guilty—he was—but how long a sentence he would have accepted. And here, although the record indicates that Lopez rejected a

---

[1] Of course, "[s]imply being 'self-serving' . . . does not prevent a party's assertions from creating a dispute of fact." *Bargher v. White*, 928 F.3d 439, 445 (5th Cir. 2019).

seven-year sentence, Lopez declares that that was only because he had not been advised of the much-longer sentence that he could receive at trial. To be sure, Lopez's attorneys deny that they failed to advise him, but that is precisely the sort of factual dispute that requires an evidentiary hearing. *See, e.g.*, *Rivas-Lopez*, 678 F.3d at 359 ("In light of the conflicting accounts by Rivas and counsel . . . , the district court should have held an evidentiary hearing before dismissing the § 2255 application."); *see also Owens v. United States*, 551 F.2d 1053, 1054 (5th Cir. 1977) ("Ordinarily, contested fact issues may not be decided on affidavits alone."). "Because [Lopez]'s affidavit was sufficient to prove his allegation and was not speculative, conclusory, plainly false, or contradicted by the record, the district court erred in rejecting it without holding an evidentiary hearing." *Reed*, 719 F.3d at 374.

## B.

The government does not seriously defend the district court's reasoning but instead argues that Lopez's declarations "lack[] credibility" because he "changed the facts supporting his [motion] after the United States filed its response." This mischaracterizes the record. Lopez's initial declaration stated that he was not informed of his sentencing exposure and that, if he had been, he would have accepted the seven-year plea deal that his attorneys had presented to him. After the government filed declarations indicating that the prosecutor had never offered a deal of less than ten years, Lopez filed a second declaration, stating that he also would have accepted a ten-year deal. There is nothing inconsistent between Lopez's two declarations, nor did Lopez "change[] his argument." His second declaration simply clarifies that he would have accepted not only a seven-year sentence but a ten-year sentence as well.

Finally, the government cites *Reed* for the proposition that a habeas petitioner must present "independent indicia of the likely merit of his

allegations." 719 F.3d at 373. But as the *Reed* court explained, this "requirement" depends on "the context of the claim being presented." *Id.* Thus, "[f]or example, when a defendant's allegations contradict his sworn testimony given at a plea hearing, we have required more than 'mere contradiction of his statements,' typically 'specific factual allegations supported by the affidavit of a reliable third person.'" *Id.* (first quoting *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986); then quoting *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985)); *see, e.g.*, *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (requiring "independent indicia" because defendant's allegations were "inconsistent with representations she made in open court"). Likewise, a habeas petitioner cannot demand an evidentiary hearing merely on the basis of "speculative and unsupported accusations of government wrongdoing." *Reed*, 719 F.3d at 374. But nothing like that is present here. Rather, Lopez's declarations contain "specific factual claim[s] based on personal knowledge." *Id.* In this context, that is enough. *See, e.g.*, *id.* at 374-75; *Rivas-Lopez*, 678 F.3d at 358-59.

## III.

Accordingly, for the foregoing reasons, we VACATE the district court's order and REMAND the case to the district court for further proceedings, including an evidentiary hearing. We express no opinion on the merit of Lopez's underlying claims.