# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 23, 2021

Lyle W. Cayce
Clerk

No. 19-30378
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher White,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-13433

Before Jones, Barksdale, and Stewart, *Circuit Judges*.

Per Curiam:*

Christopher White pleaded guilty to: conspiring to commit healthcare fraud, in violation of 18 U.S.C. §§ 1347, 1349; and conspiring to falsify records in a federal investigation, in violation of 18 U.S.C. §§ 371, 1519. *United States v. White*, 694 F. App'x 356, 357 (5th Cir. 2017). In a 28 U.S.C.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

§ 2255 motion, he claimed plea counsel rendered ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), by, *inter alia*, failing to provide adequate advice about pleading guilty.

White's plea counsel, in an affidavit filed in district court, broadly admitted the allegations. The court nonetheless denied the motion without a hearing.

Our court granted a certificate of appealability (COA) on the *Strickland* ineffective-counsel claim. In doing so, it also directed the parties to include on appeal a discussion of whether the district court abused its discretion by failing to conduct a hearing.

Proceeding *pro se*, White contends, *inter alia*: he was constructively denied any assistance of counsel; and prejudice should therefore be presumed under *United States v. Cronic*, 466 U.S. 648, 658–59 (1984). This claim substantially differs from a claim of ineffective counsel under *Strickland* because a claim under *Chronic* asserts a party received no counsel whatsoever. *See Black v. Davis*, 902 F.3d 541, 546–47 (5th Cir. 2018) (explaining differences in Sixth Amendment right-to-counsel claims under *Strickland* and *Cronic* and holding each must be independently raised). White, however, neither sought nor obtained a COA on a *Cronic* claim. Therefore, we cannot consider it. *See* 28 U.S.C. § 2253(c)(1); *Larry v. Dretke*, 361 F.3d 890, 896 (5th Cir. 2004) ("We may not consider a habeas claim unless a COA has been issued on that claim.").

Accordingly, the only issue we consider is the district court's denial without a hearing of White's motion, based on his *Strickland* ineffective-assistance claim. The court's not holding a hearing is reviewed for abuse of discretion. *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief", the district court in a § 2255 case "shall . . .

grant a prompt hearing" before making the necessary findings and conclusions. 28 U.S.C. § 2255(b). A petitioner is entitled to an evidentiary hearing if he makes specific factual claims that are "not speculative, conclusory, plainly false, or contradicted by the record". *Reed*, 719 F.3d at 374. Along that line, although the Government does not concede that White's counsel was ineffective under *Strickland*, it agrees that counsel's admissions indicate the potential merit of White's claim, and that the record, therefore, does not conclusively show White is not entitled to relief. *See* 28 U.S.C. § 2255(b).

The district court abused its discretion by declining to hold an evidentiary hearing in the light of counsel's admissions. *See Reed*, 719 F.3d at 373–74 . Therefore, White will have the opportunity at an evidentiary hearing to prove his counsel's ineffectiveness under *Strickland*. *See United States v. Allen*, 918 F.3d 457, 462 (5th Cir. 2019) (vacating judgment and remanding for evidentiary hearing after district court denied § 2255 motion without hearing).

VACATED and REMANDED.