# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 21, 2021

Lyle W. Cayce
Clerk

No. 19-30814
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TAUREAN OKEITH JACKSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-11957

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Taurean Okeith Jackson, federal prisoner # 33623-034, was convicted of conspiracy to commit sex trafficking of children and obstruction and attempted obstruction of enforcement of 18 U.S.C. § 1591 and was sentenced to 270 months of imprisonment. He filed a motion to vacate, correct, or set

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

aside his sentence pursuant to 28 U.S.C. § 2255. In pertinent part, Jackson argued that (1) his trial counsel never informed him of the possibility that he would be classified as a career offender under the Sentencing Guidelines and he would have proceeded to trial had he been made aware; and (2) he did not receive the agreed-upon guidelines reduction for acceptance of responsibility, and counsel failed to argue that the Government breached the plea agreement on that basis. Without conducting an evidentiary hearing, the district court denied the ineffective assistance of counsel claims on the merits. Jackson appealed, and we granted a certificate of appealability.

When reviewing challenges to district court decisions under § 2255, we review findings of fact for clear error and questions of law de novo. *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994). Claims of ineffective assistance of counsel are reviewed de novo. *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). To prevail on his ineffective assistance claims, Jackson must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that this deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). A failure to establish either prong defeats the claim. *Id.* at 697.

To demonstrate deficiency, Jackson must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. To demonstrate prejudice, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Porter v. McCollum*, 558 U.S. 30, 38-39 (2009) (internal quotation marks and citation omitted). We may affirm on any basis supported by the record. *See Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000).

Regarding his claim that counsel failed to meaningfully advise him about the career offender enhancement, Jackson failed to show that he suffered prejudice due to the alleged deficient performance. *See Porter*, 558 U.S. at 38-39. Prejudice in the context of guilty pleas "means there is a reasonable probability that the defendant 'would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Valdez*, 973 F.3d 396, 403 (5th Cir. 2020) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). This inquiry "focuses on a defendant's decisionmaking," *Lee v. United States*, 137 S. Ct. 1958, 1966 (2017), and courts should "look to contemporaneous evidence to substantiate a defendant's expressed preferences," *id.* at 1967. Here, the evidence reflects that Jackson's primary motivation was to avoid a life sentence, which he accomplished by entering into the plea agreement. Because Jackson did not show that there is a reasonable probability he would have insisted on going to trial had his counsel advised him about the possibility of the career offender enhancement, the district court did not err in denying this ineffective assistance claim. *See Strickland*, 466 U.S. at 697; *Valdez*, 973 F.3d at 403.

Similarly, Jackson has not shown that his counsel was ineffective for failing to object to the Government arguing that he should not receive the acceptance-of-responsibility reduction, which he claims violated the plea agreement. When analyzing a claim of ineffective assistance related to the Government's alleged breach of a plea agreement, this court first "must consider whether there was any error by the government that could support an ineffective assistance claim." *United States v. Allen*, 918 F.3d 457, 461 (5th Cir. 2019). If there was a breach, the court must then consider (1) whether counsel's failure to object to the breach fell "below an objective standard of reasonableness" and (2) whether Jackson was "prejudiced by his counsel's failure to object to the breach." *Id.* (internal quotation marks and citation omitted).

Jackson's plea agreement provided that "[p]ursuant to [U.S.S.G. §] 3E1.1, . . . the Government agrees to a two (2) level decrease in the offense level for the defendant's timely acceptance of responsibility." Following his guilty plea, however, Jackson minimized his role in the offense, in contravention of § 3E1.1(a)'s requirement that a "defendant clearly demonstrate[] acceptance of responsibility for his offense." Consequently, the agreement did not bind the Government to recommend an acceptance-of-responsibility reduction, and there was no breach. *See United States v. Cluff*, 857 F.3d 292, 298 (5th Cir. 2017). Moreover, even if there was a breach and counsel's performance was deficient, Jackson would still not prevail because he has not established any prejudice. That is, he has not shown that, had his counsel objected to the Government's purported breach, there is a reasonable probability that "his sentence would have been significantly less harsh." *United States v. Seyfert*, 67 F.3d 544, 548-49 (5th Cir. 1995); *see Allen*, 918 F.3d at 462.

Regarding Jackson's challenge to the district court's denial of his request for an evidentiary hearing, "[a] § 2255 movant is typically entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief on his underlying claims." *United States v. Duran*, 934 F.3d 407, 411 (5th Cir. 2019) (internal quotation marks and citation omitted); *see* § 2255(b). "[W]hen a defendant's allegations contradict his sworn testimony given at a plea hearing, we have required more than mere contradiction of his statements, typically specific factual allegations supported by the affidavit of a reliable third person." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (internal quotation marks and citations omitted). Jackson provided no such independent indicia, and the underlying record conclusively shows that he is not entitled to relief. Accordingly, he has not shown that the district court abused its discretion in denying an evidentiary hearing. *See Duran*, 934 F.3d at 411.

No. 19-30814

For these reasons, the district court's judgment is AFFIRMED.