# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2023

Lyle W. Cayce
Clerk

No. 19-50343

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ELIZABETH VALLES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CV-58
USDC No. 3:16-CR-960-1

Before RICHMAN, *Chief Judge*, and JOLLY and DENNIS, *Circuit Judges*.
E. GRADY JOLLY, *Circuit Judge*:*

In August of 2016, Elizabeth Valles, federal prisoner #72271-380, pleaded guilty to drug importation and was sentenced to 70 months of imprisonment. After sentencing, she failed to self-surrender to the Bureau of Prisons as ordered by the district court. Valles absconded, and while she was

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 19-50343

a fugitive, her one-year period to file a 29 U.S.C. § 2255 motion expired. Valles remained a fugitive until she was arrested in June of 2018.

Eight months after her arrest, Valles filed this pro se § 2255 motion alleging that she received ineffective assistance of counsel. She requested an evidentiary hearing. In addition, Valles requested that the district court equitably toll the limitations period, asserting that she was "unavailable" to file a timely § 2255 motion because she had failed to self-surrender. The district court ordered Valles to show cause as to why it should not dismiss her motion as time barred. In response to the district court's order, Valles explained that "she had a nervous breakdown after her sentencing and . . . eventually self-surrendered but not until 17 months after sentencing causing an extraordinary circumstance." Additionally, she urged that when a defendant absconds, "the time of the absence . . . shall not be computed as any par[t] to the period within which the action must be brought."

The district court dismissed her § 2255 motion as time barred without holding an evidentiary hearing. The court held that the motion was not filed within one year of the date the judgment became final, nor had Valles demonstrated it was timely under any other statutory provision. The district court further declined to equitably toll the limitations period because, in its view, Valles's nervous breakdown was not an extraordinary circumstance. The district court took special note that Valles failed to explain (1) how her mental illness prevented her from pursuing her legal rights or (2) why she waited over eight months after her arrest to file her § 2255 motion. Accordingly, the district court dismissed the motion with prejudice—and thereby denied Valles's request for an evidentiary hearing on the issue of equitable tolling.

This court, however, granted a certificate of appealability (COA). Thus, Valles now appeals that dismissal, contending that she was entitled to an evidentiary hearing with respect to her claim for equitable tolling.

## I

The question today is not whether Valles is entitled to equitable tolling on the merits; instead, the precise question is whether the district court erred in denying Valles's claim without an evidentiary hearing. We review the district court's ruling for abuse of discretion. *United States v. Cervantes*, 132 F.3d 1006, 1110 (5th Cir. 1998).

## II

We begin with the premise that not every petitioner who seeks relief pursuant to § 2255 is entitled to an evidentiary hearing. A hearing is unnecessary when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). This court has construed this provision to mean that an evidentiary hearing is not required when "either (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true." *United States v. Harrison*, 910 F.3d 824, 826–27 (5th Cir. 2018) (citing *United States v. Guerra*, 588 F.2d 519, 521 (5th Cir. 1979)). "A defendant is entitled to an evidentiary hearing on his § 2255 motion only if [he] presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)).

Thus, to determine whether Valles was entitled to an evidentiary hearing, we must first consider the requirements applicable to the underlying relief sought, which, in her case, is equitable tolling. Valles was entitled to equitable tolling only if she showed that (1) she had been pursuing her rights

diligently, and (2) that some extraordinary circumstance outside of her control stood in her way and prevented timely filing. *See United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). The extraordinary-circumstance prong incorporates a causation requirement; the movant must show that the extraordinary circumstance caused the untimely filing. *See, e.g., San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). This court has recognized that mental incompetency may qualify as an "extraordinary circumstance" that supports tolling of a limitations period. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

On appeal, Valles points to several facts supporting her request for an evidentiary hearing including: this court's grant of a certificate of appealability and the district court ordering her to undergo mental health treatment. But, as the district court correctly recognized, Valles's conclusory allegation of a nervous breakdown, without any detail regarding *how* that claimed condition affected her ability or caused her inability to file a timely § 2255 motion, is insufficient to support equitable tolling or require an evidentiary hearing. *Reed*, 719 F.3d at 373.[1] Instead, her response contained only the "unsupported generalization" that her "nervous breakdown" constitutes an extraordinary circumstance that "should allow for equitable

---

[1] The relevant portion of Valles's response to the district court's show-cause order reads as follows:

> The Court is correct that a Section 2255 motion is subject to a one-year limitations period. The Movant under Coleman v. Johnson, 184 F.3d 398, 402-3 (5th Cir. 1999). There are circumstances that include situations in which a movant is prevented in some extraordinary way from asserting [her] rights. In the case of the Movant she had a nervous breakdown after her sentencing and called the Probation officer. The Movant eventually self-surrendered but not until 17 months after sentencing causing an extraordinary circumstance and this should allow for equitable tolling for the Movant to be able to bring her 2255 Motion.

tolling." *Id.* ("Conclusory allegations, unsubstantiated by evidence, do not support the request for an evidentiary hearing."). Further, Valles's contention that absconding tolls the limitations is meritless because delays of a petitioner's own making do not qualify for equitable tolling. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam) (citation omitted).

Further, Valles has not shown that she pursued her rights diligently, as required for equitable tolling. *See Wheaten*, 826 F.3d at 851. Thus, even if the alleged "extraordinary circumstance" of a nervous breakdown prevented Valles from filing until she was taken into custody, she has still failed to explain the nearly eight-month delay between her arrest and her filing, demonstrating that Valles did not act with reasonable diligence. *See, e.g., Stroman v. Thaler*, 603 F.3d 299, 302–03 (5th Cir. 2010) (per curiam) (finding non-diligent a § 2254 petitioner who filed his petition seven weeks after learning that his state habeas application had been denied).

Finally, Valles argues that the limitations period should not be applied too harshly because this effort was her first § 2255 motion and her pro se submissions in the district court are entitled to liberal construction. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Although she correctly states both general principles, she is not convincing in demonstrating that they are sufficient to establish an entitlement to an evidentiary hearing.

Accordingly, we hold that the district court did not abuse its discretion in denying Valles's § 2255 motion without holding an evidentiary hearing because Valles proffered purely conclusory assertions and unsupported generalizations regarding her entitlement to equitable tolling. Finding no error, the judgment of the district court is AFFIRMED.

No. 19-50343

JAMES L. DENNIS, *Circuit Judge*, dissenting:

Our court has long agreed with other courts and commentators that § 2255(b) must be construed literally, "to mean that a hearing must be held '(u)nless "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."'" *Ferrara v. United States*, 547 F.2d 861, 863 (5th Cir. 1977) (quoting § 2255(b)). To that effect, this court has instructed that, after reviewing the case's record in its entirety, a hearing may only be denied when "(1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if h[er] factual assertions were true." *United States v. Allen*, 918 F.3d 457, 460 (5th Cir. 2019) (*quoting United States v. Harrison*, 910 F.3d 824, 826-27 (5th Cir. 2018)). The majority, like the district court below,[1] fails to heed § 2255(b)'s command to review "the motion and files and records of the case," instead deciding whether Valles's has made a sufficient case for relief based on the assertions in her *pro se* motion alone. Had the majority reviewed the record, it could not conclude with the certainty required to deny an evidentiary hearing that Valles is not entitled to relief. Because I would vacate and remand for an evidentiary hearing, I dissent.

The record discloses ample evidence that Valles may be entitled to equitable tolling. As the majority acknowledges, mental incompetency has been recognized as an "extraordinary circumstance" that supports tolling of a limitations period. *Supra* at 4 (citing *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)). It also may satisfy equitable tolling's second prong because a petitioner "simply cannot pursue [her] legal rights during such a period [of

---

[1] The district court order denying Valles's petition as time-barred stated that "it appears from the face of [Valles's] § 2255 Motion that it is untimely and that she is not entitled to equitable tolling."

6

mental incompetency]." *Fisher*, 174 F.3d at 715. Thus, if the record contains minimal evidence of mental incompetence, Valles is entitled to an evidentiary hearing on her motion. And in fact, the record in Valles's case shows that she suffered sustained and chronic mental illness that rose to a level that, in the eyes of both the district court and the Government, required intervention. Valles's PSR noted that she had been experiencing "symptoms of depression and anxiety," for which she voluntarily sought mental health counseling at the El Paso Behavioral Center (EPBC). At EPBC, Valles attended counseling sessions four times per week. She eventually stopped attending EPBC because she lacked childcare for her children, one of whom suffers from depression and has attempted suicide. During the presentence interview, she was encouraged to return to her counseling sessions. As part of Valles's imprisonment, the district court recommended that she receive mental health treatment while in custody, and ordered as a special condition of Valles's supervised release that she participate in a mental health treatment program. This is enough to establish that the record fails to "conclusively show" that Valles is not entitled to equitable tolling. § 2255(b). *See United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (noting that the movant's burden of showing independent indicia of reliability "must be understood practically, in the context of the claim being presented"). The majority faults Valles for failing to prove, at this stage, that she is ultimately entitled to equitable tolling. But that is the wrong inquiry. The question is not whether Valles has established her entitlement to equitable tolling, but whether the record supports a prima facie case for relief thus warranting an evidentiary hearing, after which the fact-intensive question of equitable tolling may be properly decided. *See United States v. Rivas-Lopez*, 678 F.3d 353, 358 (5th Cir. 2012) ("[W]e can neither credit nor refute Rivas's allegation of ineffective assistance on this record. To determine [that], we would benefit from

7

additional facts that should be determined at an evidentiary hearing in the district court.").

Under the statute, the district court should have held an evidentiary hearing on her claim. Because it failed to, I would vacate and remand for such a hearing. I respectfully dissent.