**REVISED June 14, 2017**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40357

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

EDUARDO RODRIGUEZ, also known as Rey, also known as Reynaldo Soto-Gervacio,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, HAYNES, and COSTA, Circuit Judges.

HAYNES, Circuit Judge:

Defendant-Appellant Eduardo Rodriguez appeals the district court's dismissal of his application for post-conviction relief, contending that it is timely under 28 U.S.C. § 2255(f)(4). Because we conclude that the facts underlying Rodriguez's claim could have been discovered through the exercise of diligence at least one year before Rodriguez filed for habeas relief, we AFFIRM.

No. 15-40357

## I.  Background

Rodriguez pleaded guilty to conspiring to transport undocumented aliens and was sentenced on June 14, 2012.  As part of his plea agreement, Rodriguez agreed to waive his rights to appeal his conviction and sentence as well as his right to seek post-conviction relief.  The district court entered Rodriguez's judgment of conviction on June 28, 2012.  He did not file an appeal.

On July 25, 2014, Rodriguez filed the instant pro se § 2255 petition, claiming that his trial attorney, Marc Montemayor, rendered ineffective assistance by failing to file an appeal on Rodriguez's behalf despite the fact that Rodriguez instructed him to do so.  Rodriguez acknowledged that he had "failed to file this motion within the one year statute of limitation of 28 U.S.C. § 2255," but Rodriguez argued that he was excused because he did not learn of Montemayor's failure to file the appeal until October 2013.

Noting that Rodriguez "acknowledges the untimeliness of [his] claims and set[s] forth arguments against the application of the limitations defense," the district court considered whether Rodriguez's claims were time barred under § 2255(f).  The district court reasoned that the motion was untimely under § 2255(f)(1), that Rodriguez was not eligible for equitable tolling, and that § 2255(f)(2)-(4) "d[id] not appear to apply."  Accordingly, the district court denied Rodriguez's motion and dismissed the action with prejudice.  Rodriguez filed a notice of appeal.

This court granted a certificate of appealability on two issues: (1) whether Rodriguez adequately raised in the district court his argument that his ineffective assistance claim was timely under § 2255(f)(4) because he filed it within one year of discovering that his attorney had not filed a notice of appeal and, (2) if the foregoing argument was adequately preserved, whether

No. 15-40357

the case must be remanded for the district court to evaluate the timeliness of Rodriguez's ineffective assistance claim under § 2255(f)(4).

## II.  Standard of Review

We review de novo the district court's conclusion that Rodriguez's motion is untimely.  *See United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008) ("In the context of 28 U.S.C. § 2255, this court reviews a district court's factual findings for clear error and its legal conclusions de novo.").  Furthermore, although we usually review a district court's refusal to grant an evidentiary hearing on a § 2255 motion for abuse of discretion, *Cavitt*, 550 F.3d at 435, a review of a district court's determination that no hearing was required "obligates us to look behind that discretionary decision to the court's underlying determination that ['Rodriguez's'] motion is untimely—a determination we review de novo," *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008).

## III. Discussion

As to the first issue, both Rodriguez and the Government contend that Rodriguez adequately raised his argument that his ineffective assistance claim was timely under § 2255(f)(4).  Because we conclude that Rodriguez does not prevail on the merits of his argument, we pretermit consideration of this first issue and move to the second.

We thus analyze whether there is evidence requiring a hearing on the timeliness of Rodriguez's ineffective assistance claim under § 2255(f)(4).  A § 2255 movant has one year to seek post-conviction relief.  28 U.S.C. § 2255(f).  This one-year period runs from the latest of four possible dates, one of which is "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).  For this provision to apply, "a petitioner's diligence must merely

be 'due' or 'reasonable' under the circumstances." *Starns v. Andrews,* 524 F.3d 612, 619 (5th Cir. 2008) (citation omitted) (analyzing 28 U.S.C. § 2244(d)(1)(D)).[1]   As the Supreme Court has explained, "diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize" that he should act. *Johnson v. United States,* 544 U.S. 295, 308 (2005).   In applying § 2255(f)(4), "[t]he important thing is to identify a particular time when . . . diligence is in order." *Id.*

On appeal, Rodriguez asserts that he specifically instructed Montemayor to perfect an appeal of his sentence and that Montemayor agreed to do so. Rodriguez contends that the one-year period should run from the date on which he discovered that Montemayor allegedly deceived him by failing to file a notice of appeal—October 2013—rather than the date of the judgment of conviction— June 2012.   *Compare* § 2255(f)(1), *with* § 2255(f)(4).   Therefore, Rodriguez contends that his § 2255 motion, which was filed on July 25, 2014, is timely. Furthermore, on appeal he argues that he exercised diligence in attempting to learn that his appeal had not been filed because he "made several attempts to reach his counsel to inquire about his appeal," including the fact that he sent a letter to the district court requesting certain documents.

But Rodriguez's § 2255 motion filed in the district court stated merely that he had "expressed to [Montemayor] his desires to prosecute an appeal," and that Montemayor replied that "he would come visit to talk about the matter," which Montemayor never did.   Rodriguez thus asserted that he "relied on the fact that he *had notified* his counsel about his intention to appeal his

---

[1] "[B]ecause of the similarity of the actions brought pursuant to §§ 2254 and 2255, the federal courts have read them in pari materia as long as the context did not render it improper." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *United States v. Flores*, 135 F.3d 1000, 1002 n.7 (5th Cir. 1998)).

sentence." Rodriguez requested that the court should conduct an "evidentiary hearing to determine whether [he] directed his counsel to appeal." Importantly, Rodriguez never alleged before the district court that Montemayor assented to Rodriguez's appeal request. Rodriguez merely assumed that, "[d]uring that period of time, . . . counsel had filed his appeal."[2] Further, he did not assert that he was diligent in contacting his counsel to follow up, only that he "made several attempts to obtain documents" without specifying from where and from whom.[3]

Rodriguez's arguments on appeal thus are unsupported by and contradict his representations to the district court and the evidence presented there. The district court could not have abused its discretion by failing to consider facts not presented. *See United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (noting that an appellant must produce "independent indicia of

---

[2] This representation of the facts is corroborated in Rodriguez's affidavit that he attached to his § 2255 motion:

> "I did indicate [to] . . . Montemayor . . . that I want[ed] to appeal and told him to prosecute an appeal on my behalf; . . . that [he] told me that he [would] visit me at the [i]nstitution so we [could] discuss the appeal, but [c]ounsel never came to visit me; and . . . because I told him about my wish to appeal my sentence, I relied on him to do so."

Rodriguez also states "[t]hat if [he had] known [at the] time that [c]ounsel was not going to file the Notice of Appeal . . . I w[ould] have do[ne] it . . . pro se." Furthermore, Rodriguez repeated this characterization of the facts in his application for certificate of appealability and in an affidavit he filed in support of his motion to appeal in forma pauperis.

[3] In his § 2255 motion, he explained the timeliness issue as follows: "Due to the lack of knowledge about the law and its procedures Petitioner failed to file this motion within the one year statute of limitation of 28 U. S. C. § 2255, but despite . . . that Eduardo Rodriguez had made several attempts to obtain documents that help him to adequately prepare his § 2255 Motion. The fact [is] that [it] was not until October of 2013 that petitioner learn[ed] about the fact that his Counsel never file[d] the direct appeal has he instructed him to do so. During that period of time he though[t] that his counsel had file[d] his appeal. He tried to obtain these documents [but it was] . . . not until July of 2014 that he received the totality of the documents." The only evidence of "seeking documents" was a letter to the district court more than a year after the deadline for appealing expired.

the likely merit of [his] allegations" for a court to have abused its discretion (citation omitted)); *see United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) ("If, however, the defendant's showing is inconsistent with the bulk of her conduct or otherwise fails to meet her burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary" and therefore not an abuse of discretion). We thus consider only whether Rodriguez's characterizations of the facts before the district court would justify a determination that his habeas petition was timely under § 2255(f)(4).

We conclude that it does not. We have held that "attorney abandonment . . . does not, by itself, excuse [a] petitioner from his duty of diligence." *Manning v. Epps*, 688 F.3d 177, 184 n.2 (5th Cir. 2012).[4] In other words, "[c]omplete inactivity in the face of no communication from counsel does not constitute diligence." *Id.* at 186.[5] Here, Rodriguez's allegations before the district court show, at most, only attorney abandonment and not diligence in the face of same. In fact, in his § 2255 motion, Rodriguez specifically stated that he "was abandoned by his [co]unsel." Rodriguez's assumption that Montemayor filed a notice of appeal, even after he failed to later conduct the contemplated visit with Rodriguez about the matter, was not diligence. Rodriguez waited until October 3, 2013, almost a year and three months after the fourteen-day period for filing a notice of appeal had expired, to send a letter to the district court requesting certain documents. *See* FED. R. APP. P. 4(b)(1)(A). Diligence under

---

[4] Although *Manning* involved the question of what kind of diligence is required for a court to apply equitable tolling to a habeas petition—and equitable tolling is distinct from § 2255(f)(4)—we find no reason to differentiate diligence under equitable tolling from diligence under § 2255(f)(4).

[5] As in *Manning*, we again do not consider here the circumstance of a counsel actually misleading his client into believing that activity is taking place. *Manning*, 688 F.3d at 186 n.6; *cf. United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002). Rodriguez never indicated to the district court that Montemayor made any misrepresentations to Rodriguez.

No. 15-40357

§ 2255(f)(4) requires more. *See United States v. Jackson*, 470 F. App'x 324, 329 (5th Cir. 2012) (per curiam).[6] The facts supporting Rodriguez's claim—that Montemayor was ineffective for failing to file Rodriguez's appeal—could have been discovered through the exercise of due diligence anytime during the proceeding months. Rodriguez did not need over a year to uncover that Montemayor had not appealed. We need not remand for any factual determination, and we affirm the district court's judgment.

AFFIRMED.

---

[6] Although *Jackson* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).