# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-30428

———————

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

MARIO DURAN,

      Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2019

Lyle W. Cayce
Clerk

————————————

Appeal from the United States District Court
for the Western District of Louisiana

————————————

Before ELROD, GRAVES, and OLDHAM, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

Federal Prisoner Mario Duran filed the instant 28 U.S.C. § 2255 motion to vacate, correct, or set aside his prison sentence of 120 months and five years of supervised release following his conviction for one count of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1). In his § 2255 motion, Duran argues that his counsel was ineffective for disregarding Duran's instruction to file a direct appeal. Without holding an evidentiary hearing, the district court found Duran's motion untimely and alternatively found that his ineffective assistance of counsel claim lacked merit. We agree that Duran's § 2255 motion is untimely. Therefore, we affirm.

No. 17-30428

## I.

## A.

While investigating an unrelated matter, Acadia Parish sheriff's deputies discovered Duran in a parking lot with two minor age girls in his vehicle. Duran claimed the girls were the daughters of his friend, and that he was transporting them to Laredo, Texas. After hearing his response, officers conducted a search of Duran's vehicle with his consent. Officers discovered three cell phones during the search. Then the officers interviewed the girls, who claimed that they had never met Duran before that day. Their uncle had taken them to Alabama to meet Duran. Duran was supposed to take them to Laredo to meet their deported father. The girls also told officers that Duran had made sexual remarks to them.

Duran later admitted to talking to one of the girls about her breasts and virginity. The girl was 15-years old at the time. Duran denied touching either girl. He later admitted to having an image of another young girl on one of the cell phones and agreed to show the image to an officer. The officer discovered several images of an 11-year old girl on the phone, who Duran claims is his goddaughter. In one image, the girl was wearing only panties, and the camera was focused on her pubic area. Another image was a close-up of the girl's genitalia. Duran admitted that he had taken the picture of his goddaughter, that she was almost 12-years old at the time, and that he had transported the images from Mexico to Alabama sometime in February or March 2014.

A few months later, Homeland Security agents executed a federal arrest warrant at Duran's home, where they spoke with his wife. She identified the girl on the pictures as Duran's goddaughter and said that the pictures were taken when the girl was 9 and 11-years old, respectively. Duran's wife told the Homeland Security agents the girl was almost 12-years old, and that she lived in Veracruz, Mexico. Later, Duran denied that he personally took the pictures.

2

No. 17-30428

Duran asserted that he accidentally switched phones with his goddaughter's father during one of Duran's many trips to Mexico, and that the pictures belonged to the girl's father. Duran stated that he had never taken pictures of anyone.

Months later, to assist in the investigation, agents in Mexico's Attorney General's Office located and interviewed the girl depicted in the photos. The girl told the Mexican officers that Duran was her uncle, and that he would frequently bring her and her cousins chocolate bars and clothes, including underwear. She stated that in March 2014, while Duran was visiting the girl's mother, Duran asked her and her 10-year old cousins to take off their clothes so he could take a picture of them naked. The children initially refused, and Duran responded by pointing a gun at his goddaughter. She told Duran she would take off her clothes as long as he did not make her younger cousins take off their clothes. The girl removed her clothes from the waist down.

She further explained that Duran attempted to touch her vagina but one of her cousins slapped his hand away. Then Duran raised her leg and took a picture of her vagina with her grandfather's cell phone. He then touched her buttocks and told the girls not to tell anyone what had happened. She added that, roughly a month later, Duran gave her a plasma television. He had promised one to her as a gift.

**B.**

Duran pleaded guilty to one count of transportation of child pornography. His plea agreement did not include a waiver of any appellate rights. The district court calculated the advisory Sentencing Guidelines range to be 188-235 months of imprisonment. The district court sentenced Duran to 120 months' imprisonment followed by five years of supervised release, well-below the low end of the Guidelines range. Judgment was entered on November 2, 2015.

No. 17-30428

Duran's attorney filed a motion to withdraw from the case three days later, on November 5, 2015. The district court granted the motion the next day. No notice of appeal was filed. Duran's conviction became final on November 16, 2015, fourteen days after entry of judgment. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

What happened next is unclear, but on November 28, 2016, the district court clerk filed Duran's pro se § 2255 motion. Duran alleged that "[a] couple days after sentencing, [he] called defense counsel from the facility at which he was being held and instructed him to initiate a direct appeal" but later discovered that no appeal was filed.

Duran included a "Verification" on the last page that attests to the truthfulness of the assertions in the motion. The motion is dated November 8, 2016, "at Granville county, North Carolina." The envelope used to transmit the motion bears a Raleigh, North Carolina "Research Triangle" postmark dated November 21, 2016. The envelope bears a typewritten return address of the federal correctional center in Butner, North Carolina. There is no evidence that shows the letter was processed by the prison mailing system. The district court clerk office's intake stamp indicates that the envelope arrived at the district court on November 28, 2016.

The district court issued an order explaining that it was unclear whether Duran's motion was timely under the one-year limitations period established by § 2255(f)(1) and whether he could benefit from the prison mailbox rule afforded to inmates filing a motion from prison. The court also noted that it was unclear when Duran discovered his counsel's alleged failure to file a notice of appeal, which could affect the timeliness issue under § 2255(f)(4). Thus, the court ordered the Government to file a response addressing the timeliness issues. The order gave Duran fifteen days to the date of the filing of the Government's response to reply.

4

No. 17-30428

The Government filed its response on February 10, 2017, asserting that Duran's motion was untimely under § 2255(f)(1) because he failed to establish whether he used the prison mailing system, and if he had, which day the motion was placed in the mail. The Government further contended that the motion was untimely under § 2255(f)(4), as Duran had not provided information as to when he discovered his attorney's alleged failure to file the notice of appeal, or why he could not have discovered that information sooner.

In addition, the Government argued that competent evidence defeated Duran's claim that his attorney failed to follow his request to file a notice of appeal. In support, the Government attached a letter from his attorney's files advising Duran of his right to appeal. The letter also contained Duran's written acknowledgment that he did *not* wish to seek an appeal.

On March 8, 2017, the magistrate judge issued a Report and Recommendation ("R&R") suggesting that Duran's § 2255 motion be dismissed as untimely, or alternatively, on the merits. The magistrate judge found that Duran failed to make a preliminary showing that he had used the prison mailing system to trigger the prison mailbox rule. Additionally, Duran did not establish that § 2255(f)(4) should provide a later start date for the statute of limitations. The magistrate judge also provided an alternative basis for denying the motion, finding that his attorney's letter showed that Duran expressly instructed his attorney not to file an appeal.

On March 13, 2017, the district court clerk filed Duran's reply to the Government's response. The certificate of service on the reply is dated March 7, 2017, roughly ten days after the reply was due. The envelope used to mail the reply has the stamp of the Butner federal correctional facility and indicates that it was received for processing by the prison on March 7, 2017, the same date on the certificate of service. In the reply, Duran contended that he placed his § 2255 motion in the prison mail in his housing unit on November 8 or 9,

5

No. 17-30428

2016. Duran also claimed that he did not write the statement at the bottom of his attorney's letter that instructed the attorney not to file a notice of appeal. Duran asserted that he has limited proficiency in English and that he did not understand the advice his attorney gave him about foregoing an appeal, among other things.

The district court adopted the R&R on March 27, 2017. The court noted that it considered Duran's reply in reaching its ruling. On the same day, Duran's objections to the R&R were filed. He argued that his reply was timely considering that he received the Government's response almost a month after it was filed in the district court. The date on the certificate of service for the objections is March 23, 2017. Similar to his reply memorandum, the objections bear the same processing date as the certificate of service and includes the stamp of the Butner correctional facility. The district court denied Duran's § 2255 motion without considering his objections and without holding an evidentiary hearing.

Duran had filed a notice of appeal and request for certificate of appealability on March 19, 2017. Similar to Duran's reply and objections, the envelope used to transmit the notice of appeal is stamped by the Butner correctional facility and has a processing date that is one day after the date he signed the notice of appeal. The request was denied.

Later, this court allowed Duran to appeal and granted him a certificate of appealability to consider (1) whether the district court erred by dismissing Duran's § 2255 motion as untimely, considering the prison mailbox rule, and (2) whether the district court erred by concluding that Duran's ineffective assistance of counsel claim lacks merit.

## II.

When considering the denial of a movant's § 2255 motion, we review the district court's factual findings for clear error and legal conclusions de novo.

No. 17-30428

*United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008). A § 2255 movant is typically entitled to an evidentiary hearing "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief' on his underlying claims." *United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018) (alteration in original) (quoting § 2255(b)), *cert. denied sub nom. McDaniels v. United States*, No. 18-9169, 2019 WL 2059624 (U.S. June 10, 2019) (Mem.). The denial of an evidentiary hearing is reviewed for an abuse of discretion. *Id.*

To obtain a reversal, a movant must provide "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *Id.* (alteration in original) (quotation marks omitted). However, if the movant's showing consists of conclusory allegations, or is otherwise "inconsistent with the bulk of [his] conduct," there is no need for an evidentiary hearing. *Id.* (alteration in original) (citation & quotation marks omitted).

Because the denial of a hearing was based on the underlying issue of timeliness, we must look beyond the decision to deny a hearing and consider the conclusion that Duran's motion was untimely, which we review de novo. *See United States v. Rodriguez*, 858 F.3d 960, 961 (5th Cir. 2017).

## III.

Duran submitted his § 2255 motion to raise an ineffective assistance of counsel claim. However, because we conclude that the district court was correct that his § 2255 motion is untimely, we pretermit discussion of the ineffective assistance of counsel claim.

Section 2255 has a one-year limitations period. 28 U.S.C. § 2255(f). In this case, that period began to run on the date Duran's judgment of conviction became final. 28 U.S.C. § 2255(f)(1) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the

No. 17-30428

date on which the judgment of conviction becomes final.") Therefore, to meet the statute of limitations, Duran had to file his § 2255 motion by November 16, 2016.

Under the prison mailbox rule, a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system. *See Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011); *see also* Rules Governing Section 2255 Proceedings in the United States District Courts 3(d). The rule applies once it is established that the prisoner gave prison officials the pleading for mailing, irrespective of whether the document reaches its intended recipient. *See Stoot v. Cain*, 570 F.3d 669, 671–72 (5th Cir. 2009) (applying Louisiana's prison mailbox rule).

While this court has never squarely addressed the issue, our case law indicates that the burden is on the pro se prisoner to show when his pleading was tendered to prison officials for delivery to the court. *See Thompson v. Rasberry*, 993 F.2d 513, 515–16 (5th Cir. 1993) (remanding case to allow appellant the opportunity to prove that his objections were filed in a timely manner); *Logan v. Cent. Freight Lines*, 858 F.2d 993, 994 (5th Cir. 1988) (remanding case to allow appellant the opportunity to make the requisite showing regarding the timeliness of his notice of appeal); *Thompson v. Montgomery*, 853 F.2d 287, 288 (5th Cir. 1988) (remanding case for reconsideration of timeliness issue while noting that appellant's assertion that he mailed his notice of appeal on time was unsupported by the record). In *United States v. Craun*, a prisoner asserted that he had placed a notice of appeal in a prison mailing system in a timely manner. 51 F.3d 1043 (5th Cir. 1995) (unpublished).[1] He was given 30 days by the district court to provide evidence—such as prison mail logs or affidavits—

---

[1] Unpublished opinions issued before January 1, 1996, are binding precedent of this court. 5th Cir. R. 47.5.3.

No. 17-30428

to prove his assertion. *Id.* The prisoner responded by asserting that the evidence did not exist because the prison did not provide it. *Id.* He added that he could not provide an affidavit because the prison policy forbade inmates from obtaining affidavits from other inmates. *Id.* The district court found that, absent evidence corroborating the date the prisoner delivered his notice of appeal to prison officials, his unsworn statement was insufficient to reinstate his appeal. *Id.* This court noted that the prisoner was given time to provide proof for his assertions and affirmed the district court. *Id.* The district court's decision was not erroneous whether it was a determination regarding the prisoner's credibility or a conclusion that he failed to supply evidence of a timely filing. *Id.*

Our case law indicates that a movant in a § 2255 proceeding has the burden of demonstrating that his filings are timely. Duran did not meet his burden.

Duran did not file his sworn objections until March 23, 2017. Duran explained that he did not receive the magistrate judge's R&R until March 20, 2017. He also conceded that his reply to the Government's response was untimely but asserted that he did not receive the response until March 3, 2017.

The district court ruled on Duran's § 2255 motion the same day his objections to the R&R were filed. A district court's failure to consider timely objections before adopting a magistrate judge's R&R is a reversible error only when a movant suffers prejudice. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646–47 (5th Cir. 1994). The Government contends that Duran did not suffer prejudice because his objections only provided an explanation regarding the timeliness of his reply.

Duran has not suffered prejudice. His § 2255 motion should have been filed by November 16, 2016. The postmark on the envelope containing the motion was dated November 21, 2016, five days after the end of the limitations

No. 17-30428

period. In his reply and objections, Duran alleged at least two substantial delays in the processing and receipt of his mail at the prison. First, the postmark on the Government's response brief is February 13, 2017, but Duran did not receive the brief until March 3, 2017. Second, the postmark on the magistrate judge's R&R was March 8, 2017, but Duran did not receive the R&R until March 20, 2017.

What is missing from the record is evidence indicating that processing delays frequently occurred when he attempted to mail documents from the prison. Duran alleges only one delay in the processing of mail sent by him. Duran asserts that he placed his § 2255 motion in a prison housing unit mailbox on November 8 or 9, although the envelope had a November 21, 2016, postmark. Duran did not include a certification of when he deposited the motion in the prison mailing system. He did not provide a copy of a request to send legal mail or a request for the relevant prison mail logs. Notably, all of Duran's other filings related to this motion were consistent in that they include sufficient indicia of the date each respective filing was placed in the prison mailing system. In each instance, the envelope used to mail the filing has the stamp of the Butner federal correctional facility and provides a date that the filing was received for processing. In each instance, the processing date either matches or is within one day of the date Duran signed the filing. Such indicia are absent from his § 2255 motion. Duran cannot benefit from the prison mailbox rule.

The district court gave Duran an opportunity to reply to the Government's response and later considered his reply. That reply left the district court to consider only Duran's bare assertion that he placed his motion in a housing unit mailbox against the fact that his motion was postmarked five days after the one-year filing deadline. A district court does not have an obligation to inform pro se litigants on the kinds of evidence they may submit. *Craun*, 51 F.3d 1043.

10

No. 17-30428

In the absence of an attempt by Duran to provide evidence to support his assertion, he suffered no prejudice from the district court's conclusion that his motion is time-barred under § 2255(f)(1). *See id.* In addition, Duran suffered no prejudice from the conclusion that he could not use § 2255(f)(4) because Duran never indicated when he discovered that this attorney did not file a notice of appeal. *See* 28 U.S.C. § 2255(f)(4) ("The limitation period shall run from . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.").

The district court was correct. Duran's motion is untimely. Regarding the lack of an evidentiary hearing, "[t]he district court could not have abused its discretion by failing to consider facts not presented." *Rodriguez*, 858 F.3d at 963.

AFFIRMED.