# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50067

United States Court of Appeals
Fifth Circuit

**FILED**
July 13, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GEMASE LEE SIMMONS, also known as Geoff Stone, also known as "G"
Simmons, also known as CJ, also known as Kevin,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-1165
USDC No. 5:12-CR-108-1

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Following a bench trial, the district court convicted Gemase Lee
Simmons, federal prisoner # 89016-280, on 6 counts of bank fraud, 16 counts
of production of child pornography, 3 counts of receiving child pornography, 6
counts of distributing child pornography, 1 count of transporting child
pornography, 3 counts of possession of child pornography, and 4 counts of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-50067

extortion.  The district court sentenced Simmons to a total sentence of 10,776 months in prison.

The district court denied Simmons's 28 U.S.C. § 2255 motion without holding an evidentiary hearing and denied his Federal Rule of Civil Procedure 59(e) motion.  Simmons now seeks a certificate of appealability (COA). Simmons renews his arguments that his trial counsel rendered ineffective assistance by failing to obtain a forensic expert to review Simmons's iPhone for evidence of remote control by two individuals who had previously worked with Simmons, for failing to investigate exculpatory evidence, and for failing to interview and call as a witness one of the two individuals who had worked with Simmons.

This court will grant a COA only when the movant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make that showing, Simmons must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that the issues presented "deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  For a denial on procedural grounds without analysis of the underlying constitutional claims, Simmons must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Simmons has not made the requisite showing, and his motion for a COA is denied. *See id.*  His motion for leave to proceed in forma pauperis (IFP) on appeal is likewise denied.

No. 19-50067

Simmons's directly appeals the district court's failure to hold an evidentiary hearing on his habeas claims. *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). The district court acted within its discretion in denying Simmons habeas relief without an evidentiary hearing. *See* § 2255(b); *United States v. Duran*, 934 F.3d 407, 411 (5th Cir. 2019). We therefore affirm.

COA DENIED; IFP DENIED; AFFIRMED.