**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**PUBLISH**

**UNITED STATES COURT OF APPEALS** **September 3, 2025**

**FOR THE TENTH CIRCUIT**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

BRIAN KEITH DOTY,

     Defendant - Appellant.

No. 24-5091

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 4:22-CR-00374-SEH-1)**

_____

Chance Cammack, Assistant Federal Public Defender (Julia O'Connell, Federal Public Defender, with him on the briefs), Office of the Federal Public Defender, Tulsa, Oklahoma, for Defendant-Appellant.

Steven Briden, Assistant United States Attorney (Clinton J. Johnson, United States Attorney, and Elliot P. Anderson, Assistant United States Attorney, with him on the briefs), Northern District of Oklahoma, Tulsa, Oklahoma, for Plaintiff-Appellee.

_____

Before **HARTZ**, **MATHESON**, and **BACHARACH**, Circuit Judges.

_____

**BACHARACH**, Circuit Judge.

_____

    This appeal involves sentencing. When a district court selects a sentence, some subjectivity is inevitable. *United States v. Jones*, 460 F.3d

191, 195 (2d Cir. 2006). But that subjectivity is constrained by the Constitution and federal statutes. *See, e.g.*, *United States v. Groves*, 369 F.3d 1178, 1182 (10th Cir. 2004) (Constitution); *United States v. Gurule*, 461 F.3d 1238, 1246 (10th Cir. 2006) (statutes). For example, when a district court imposes a sentence, the court must consider factors that Congress has identified. *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008). And when a court imposes conditions for supervised release, the conditions can't violate statutory or constitutional requirements. *United States v. Henry*, 979 F.3d 1265, 1268 (10th Cir. 2020).

But these constraints have limits, too. For example, they don't strip a court of leeway when selecting an appropriate sentence. *United States v. Walker*, 918 F.3d 1134, 1154 (10th Cir. 2019). And even if a court doesn't adequately explain the reason for a condition, we need not reverse when the defendant fails to object and the condition is supportable under the record. *United States v. Francis*, 891 F.3d 888, 898–99 (10th Cir. 2018).

1.    **The court imposes a 96-month sentence and prohibits the viewing of adult pornography.**

The disputed sentence grew out of Mr. Brian Keith Doty's conviction on charges of knowingly engaging in a sexual act with a minor in Indian Country. 18 U.S.C. §§ 1151, 1153, 2243(a). The minor was Mr. Doty's half-sister, and the two began a lengthy sexual relationship when Mr. Doty was 23 and the half-sister was 14. The adjusted base-

2

offense level was 20, triggering a guideline range of 33 to 41 months. But the court varied upward, using a guideline range matching an adjusted base-offense level of 29: 87 to 108 months. Based on this guideline range, the court imposed a 96-month prison sentence.

The court also imposed a supervised-release term of 5 years, prohibiting Mr. Doty from viewing adult pornography during this period.

Mr. Doty appeals the prison sentence and the prohibition against adult pornography.

**2.    The 96-month sentence was substantively reasonable.**

Every sentence must be substantively reasonable. *United States v. Hanrahan*, 508 F.3d 962, 969 (10th Cir. 2007). So we must determine whether Mr. Doty's 96-month sentence was severe enough to exceed the bounds of what would be reasonable. *United States v. Woody*, 45 F.4th 1166, 1180 (10th Cir. 2022). For that determination, we apply the abuse-of-discretion standard, upholding the sentence as long as it fell within the "bounds of permissible choice." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quoting *United States v. Ortiz*, 804 F.2d 1161, 1164 n.2 (10th Cir. 1986)).

In determining Mr. Doty's sentence, the district court exercised its discretion, considering the statutory factors. *See* 18 U.S.C. § 3553(a). One of these factors was the guideline range, which was 33–41 months. 18 U.S.C. § 3553(a)(4). But the court also had to consider the nature and

3

circumstances of the offense. 18 U.S.C. § 3553(a)(1). To do so, the court relied heavily on the length of the abuse and the harm to the half-sister.

This reliance was reasonable. *See Payne v. Tennessee*, 501 U.S. 808, 820 (1991) (stating that consideration of the harm from a crime has been "an important factor" to courts in exercising their discretion at sentencing). The girl was only 14 years old when the sexual relationship began, and it continued for roughly 8 years. After roughly 8 years, the girl (then 21 years old) told Mr. Doty that she had a boyfriend. The news jolted Mr. Doty, who threatened to kill himself. The court considered Mr. Doty's actions as extraordinarily harmful to the half-sister.

Mr. Doty argues that the district court relied too heavily on the nature and circumstances of the offense, insisting that a court can't rely exclusively on one of the statutory factors. *United States v. Crosby*, 119 F.4th 1239, 1247 (10th Cir. 2024). But all of the factors don't necessarily bear equal weight. *See United States v. Cookson*, 922 F.3d 1079, 1094 (10th Cir. 2019).

Mr. Doty argues that the district court

- gave too little weight to a psychosexual evaluation,

- relied on deterrence without any meaningful explanation, and

- failed to adequately consider the risk of unwarranted sentencing disparities.

4

For example, Mr. Doty points to a psychosexual evaluation bearing mixed results. Some of the results were negative. For example, Mr. Doty scored

- in the "Problem" range for potential violence, signaling danger to the offender himself and others, and

- in the range for a "Severe Problem" as to antisocial behavior, classifying him as someone whose behavior could appear "hostile with little guilt or remorse."

R. vol. II, at 92. But the examiner also assessed a low risk of reoffending. Focusing on this assessment of a low risk of reoffending, Mr. Doty argues that deterrence was unnecessary. This argument doesn't cast doubt on the district court's contrary view for two reasons.

First, "[a] low risk is not the same as no risk." *United States v. Irey*, 612 F.3d 1160, 1216–17 (11th Cir. 2010) (en banc). Even if Mr. Doty were unlikely to reoffend, the harm would likely be grave if he did. *See id.* ("With child sexual abuse of the kind that we know [the defendant] is capable of and has committed, the harm is enormous and permanent.").

Second, the district court needed to consider not only deterrence to Mr. Doty, but also deterrence to other potential offenders. *United States v. Walker*, 844 F.3d 1253, 1257–58 (10th Cir. 2017). To consider both aspects of deterrence, the district court had to balance Mr. Doty's relatively low risk of recidivism against the need to discourage similar conduct by others. *Id.* In engaging in that task, the court could reasonably regard a lengthy sentence as essential irrespective of the relatively low risk of

recidivism. *See United States v. Elmore*, 743 F.3d 1068, 1074 (6th Cir. 2014) (concluding that a sentence was substantively reasonable when the district court gave greater weight to punishment, deterrence, and public safety than to a potentially low risk that the defendant would commit another sexual offense); *United States v. Wilcox*, 666 F.3d 1154, 1157–58 (8th Cir. 2012) (upholding a 40-year sentence for transportation of a minor to engage in criminal sexual activity despite a psychosexual evaluation assessing the risk of reoffending as low); *see also United States v. Crespo-Rios*, 787 F.3d 34, 38–39 (1st Cir. 2015) (concluding that the sentence imposed for transfer of obscene material to a minor was deficient, despite the district court's focus on a low risk of recidivism, because the court failed to consider other statutory factors such as general deterrence).

Mr. Doty also argues that the district court failed to consider the danger of unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(6). But courts generally address this factor through the use of the guideline range itself. *United States v. Gantt*, 679 F.3d 1240, 1248–49 (10th Cir. 2012).

The court followed this practice here, considering the guideline range and deciding that it was too low given the severity of Mr. Doty's conduct. In deciding that the guideline range was too low, the court regarded Mr. Doty's conduct as unique. This assessment was at least reasonable. Mr. Doty sexually dominated his half-sister for roughly 8

6

years, sometimes through force, and he doesn't point to any similar cases that would have provided appropriate benchmarks for comparison.

He instead relies on data involving other local sentences and a national average. He didn't present any of this data to the district court. Granted, we have discretion to take judicial notice of the data because it's publicly filed. *United States v. Guevara-Lopez*, No. 24-2045, slip op. at 19–20 n.7, 2025 WL 2203620, at *8 n.7 (10th Cir. Aug. 4, 2025) (to be published). But even if we were to consider the new data, "we [would] focus on what the parties had presented [in district court]; after all, the court couldn't abuse its discretion 'by failing to consider facts not presented.'" *United States v. Faunce*, 66 F.4th 1244, 1258 (10th Cir. 2023) (quoting *United States v. Rodriguez*, 858 F.3d 960, 963 (5th Cir. 2017)).

Even if the district court had the benefit of the new evidence, it wouldn't show an unwarranted disparity between the sentences imposed on Mr. Doty and similarly situated offenders. For example, Mr. Doty points to sixteen other sentences in the same district. But federal law requires consideration of disparities nationwide rather than in a single district. *United States v. Verdin-Garcia*, 516 F.3d 884, 899 (10th Cir. 2008). Based on what Mr. Doty tells us, we would have no way to gauge the similarities and differences between Mr. Doty and the defendants in the sixteen other cases.

7

Some differences are inevitable, for "[n]o two cases are identical . . . ." *United States v. Franklin*, 785 F.3d 1365, 1372 (10th Cir. 2015) (quoting *United States v. Lente*, 759 F.3d 1149, 1171 (10th Cir. 2014)). So comparison of "an individual sentence with a few counsel-selected cases involving other defendants sentenced by other judges is almost always useless." *Id.* (quoting *United States v. Scherrer*, 444 F.3d 91, 95 (1st Cir. 2006)).

Scrutiny of the sixteen cited cases reflects substantial differences between the defendants in those cases and Mr. Doty. For example, Mr. Doty preyed on his half-sister for roughly 8 years. In contrast, 14 of the 16 other cases involved sexual conduct lasting less than a year:

1.    *United States v. Lawhorn*, No. 21-CR-528 (N.D. Okla.) (one day)

2.    *United States v. Neal*, No. 22-CR-149 (N.D. Okla.) (one day)

3.    *United States v. Zorrilla*, No. 22-CR-24 (N.D. Okla.) (one day)

4.    *United States v. Crites*, No. 21-CR-445 (N.D. Okla.) (two days)

5.    *United States v. Horn*, No. 22-CR-287 (N.D. Okla.) (two days)

6.    *United States v. Tiger*, No. 20-CR-124 (N.D. Okla.) (several days)

7.    *United States v. Lawrence*, No. 21-CR-173 (N.D. Okla.) (one month)

8.    *United States v. Lewis*, No. 21-CR-129 (N.D. Okla.) (about one and a half months)

8

9.    *United States v. Guinn*, No. 20-CR-244 (N.D. Okla.) (two months)

10.    *United States v. Holt*, No. 21-CR-166 (N.D. Okla.) (five months)

11.    *United States v. Witte*, No. 21-CR-273 (N.D. Okla.) (about five months)

12.    *United States v. Prentice*, No. 21-CR-440 (N.D. Okla.) (about seven months)

13.    *United States v. Wood*, No. 21-CR-459 (N.D. Okla.) (nine months)

14.    *United States v. Dacosta*, No. 21-CR-403 (N.D. Okla.) (about nine months)

Mr. Doty points not only to sixteen other local cases, but also to the national average for offenders with the same offense level and criminal-history category. We have said that the national average doesn't ordinarily shed light on whether other sentences involved similarly situated defendants. *United States v. Lucero*, 130 F.4th 877, 887 (10th Cir. 2025); *United States v. Valdez*, 128 F.4th 1314, 1318–19 (10th Cir. 2025); *United States v. Garcia*, 946 F.3d 1191, 1215 (10th Cir. 2020). On the other hand, the consideration of the national average may be appropriate in some circumstances. *United States v. Guevara-Lopez*, No. 24-2045, slip op. at 24–25 n.9, 25–26 n.10, 2025 WL 2203620, at *10 nn.9–10 (10th Cir. Aug. 4, 2025) (to be published).

We need not decide whether those circumstances existed here. Even if they did, the national average wouldn't have cast doubt on the

substantive reasonableness of Mr. Doty's sentence. The district court recognized that the sentence was atypical, but reasoned that Mr. Doty's conduct was also atypical because of the length, frequency, and impact of the sexual relationship between Mr. Doty and his half-sister. R. vol. III, at 128. This reasoning would have provided a sensible basis to reject the national average as a benchmark for Mr. Doty's sentence. *See United States v. Cortez*, 139 F.4th 1146, 1156 (10th Cir. 2025) (rejecting a challenge involving substantive reasonableness based on a national average because the defendant failed to show that he was similarly situated with defendants included in the national average).

We thus conclude that the 96-month sentence fell within the district court's discretion.

### 3.    The district court didn't prejudice Mr. Doty by prohibiting adult pornography.

The district court also prohibited Mr. Doty from viewing adult pornography for the duration of his supervised release (five years). This prohibition implicated a fundamental constitutional right, requiring the court to explain the prohibition based on compelling circumstances. *United States v. Koch*, 978 F.3d 719, 724–25 (10th Cir. 2020). Mr. Doty argues that the district court failed to provide an adequate explanation.

But Mr. Doty didn't preserve this argument by objecting in district court. So we can reverse only if Mr. Doty has shown a plain error. *Id.* at

724. An error is *plain* only when the error affects the defendant's substantial rights. *United States v. Malone*, 937 F.3d 1325, 1327 (10th Cir. 2019). And even if the district court failed to adequately explain why it was prohibiting adult pornography, the error wouldn't affect a substantial right when a basis existed for the prohibition. *United States v. Francis*, 891 F.3d 888, 898–99 (10th Cir. 2018).

Such a basis existed here. In a psychosexual examination, Mr. Doty admitted that

- he had frequently viewed adult pornography and inadvertently found pornography involving children,

- he was attracted to pornography featuring individuals in substantially different age-groups (such as a 20-year-old and 50-year-old), and

- he had often fantasized that he was participating in the pornographic scenes.

Given these admissions, the district court could have imposed the condition to inhibit Mr. Doty's temptation to engage in sex with another underage girl.

Because a basis existed for the condition, Mr. Doty's argument fails under the plain-error standard.

### 4.    Conclusion

The district court didn't abuse its discretion in imposing a 96-month sentence. In imposing the sentence, the court could reasonably decide to

vary upward based on the length of the abuse and the harm to Mr. Doty's half-sister.

Nor did the court commit plain error in prohibiting Mr. Doty from viewing adult pornography. Even if the court had erred, the error wouldn't have been *plain* because the court could have based the prohibition on Mr. Doty's past behavior, which included the viewing of child pornography and sexual fantasies involving partners of substantially different age groups.

Affirmed.